We're actually going to take a five-minute recess. When we come back, we'll hear United States v. Rodriguez. Well done. Nice meeting you. Nice meeting you. How are you? Thank you. Thank you. How are you? Good. Good. Good. Good. Please be seated. Thank you. Thank you. Thank you. Yeah, I think my colleague is not back yet. Okay. Thank you. May it please the Court. Daniel Habib, Federal Defenders of New York, on behalf of Raymond Rodriguez. The District Court committed procedural error by treating Rodriguez's prior New York State conviction for second-degree assault in violation of Penal Law 120.05, subsection 2, as a crime of violence under the sentencing guidelines. The New York State offense does not have as an element the use of violent physical force, as is required to satisfy the elements clause of Guideline 4B1.2a1, nor does it correspond to the generic offense of aggravated assault enumerated in Guideline 4B1.2a2. Accordingly, this Court should vacate and remand for resentencing. I think candor compels me to begin by addressing this Court's recent decision in Singh v. Barr, issued after the briefing in this case was complete and addressed in the party's 28J letters. We acknowledge that Singh's holding that this New York offense is a crime of violence under the elements clause of 18 U.S.C. section 16a. With respect, we submit that Singh is not dispositive on the ultimate legal question, because Singh did not address, as the parties do not appear to have raised, the omission argument that Rodriguez advances here based on this Court's decision in Hilton v. Sessions. Specifically, Singh concludes that there is no realistic probability of omission liability under 120.052, because neither the parties nor the Court had identified a case involving such a prosecution. In our view, under Hilton, the realistic probability test is satisfied by the plain text of the applicable New York statutes, in particular, Penal Law section 15.10, which provides that the minimum requirement for criminal liability under New York law is the omission to perform an act that one is physically capable of performing, and by 15.00 subsection 3, which provides that omission liability arises where there is a legal duty to act. Roberts, where is the omission liability here, the theoretically possible omission liability under the assault statute? So the assault statute at issue here simply requires the intentional causation of injury by means of a deadly weapon or dangerous instrument. And so in our brief, we've suggested the example of a parent who fails to intervene when his child is about to touch a hot pan, intending that the child suffer injury, but meaning to do so to sort of teach the child a lesson. Another example is the Washington Supreme Court's decision in Bauer, which is cited in a footnote in our opening brief, which involves a parent leaving a loaded gun accessible to children in a home. So these are instances where the parent has taken no affirmative action, the parent has stood by and watched, in derogation of a legal duty to protect the child from harm, harm. Roberts, how does that example, you know, watching, failing to intervene as a child is about to touch a hot pan, how does that fit within the statutory language, which requires means of a deadly weapon or a dangerous instrument? I argue it's a hot pan is a dangerous instrument. In fact, there's a New York Appellate Division case saying that a hot pan is a dangerous instrument. The statutory definition of the child is a dangerous instrument when left unattended. So the definition of dangerous instrument is any article or substance which in the circumstances it's used is capable of causing death or serious injury. And so there is a New York Appellate Division case holding that a hot pan can constitute a dangerous instrument for the purposes of this statute. If it's swung from a hand, the same way I suppose this jar could be, but you're talking about something different. You're talking about somebody being prosecuted under this statute for leaving a hot pan unattended on a stove. Right. And so if Your Honor ---- Any case that has ever held that? No. And so we acknowledge that there's no case imposing omission liability under 12005 sub 2. And the Singh Court concluded it was nearly impossible to conceive of a scenario in which a person could knowingly or intentionally injure or attempt to injure another with a deadly weapon without engaging in some affirmative forceful conduct. And so I've suggested, in addition to the pan example advanced in the brief, I'd also point to, again, the Washington Supreme Court decision in Bauer which talks about leaving a loaded weapon accessible to a child or leaving a knife accessible to a child. And are there situations? Is there more than a theoretical possibility of that in New York State? Again, we acknowledge that there's no case imposing this liability. It's our position that under Hilton, the statutory text itself creates the realistic probability. And let's step back and recall the purpose of the realistic ---- It would have to be more than just leaving a weapon, right? It would have to be leaving a weapon, then watching your child play with that weapon and in a way that was going to cause, you know, serious injury. That's right. And, Your Honor, all the elements ---- Intending that it would have to be with intent to cause. Intent to cause. Correct. Absolutely right. And so, again, it's ---- so, again, if the requisite intent is present, we're talking now about the conduct element and whether the statute can be violated by omission, and if so, whether that constitutes the use of force within the meaning of the guidelines. Again, we know that New York imposes penal liability based on culpable omissions. Indeed, it does so in more serious cases. And so, for example, the court of appeals in Steinberg upholds a first-degree manslaughter conviction based on omission. In Flahart and Henson, it upholds criminally negligent homicide commissions. And in Miranda, it refuses to ---- Manslaughter and negligent homicide are different. They don't necessarily require, you know, the specific intent to harm. No. To the contrary, Your Honor. The manslaughter statute at issue in Steinberg required intent to cause serious physical injury and causation of death. All right. In addition, the appellate division in Miranda refused to dismiss indictments for first- and third-degree assault, again, based on parental omissions. The purpose of the realistic probability test is to, this Court explained in Hilton, assure that minimum conduct analysis does not degenerate into the application of legal imagination or the presentation of hypothetical scenarios. But when the statute's plain text tells us that the New York legislature has contemplated liability on this theory, Hilton holds that in the case of facial statutory overbreath, the realistic probability analysis goes no further. So you're saying Singh was wrongly decided? Singh indicated that it was open to considering the question whether 125 120.05 sub 2 could be violated by omission, and if so, whether that constituted the use of force for purposes of 16a. What I'm suggesting today is that Singh gave an incomplete answer to that question, because Singh considered realistic probability only to the extent that a case could be shown, and I'm suggesting that under Hilton, a case need not be shown in light of the plain statutory text of 1510 and 15.00 sub 3. That's the component of the analysis that Singh didn't address, and that's what I'm suggesting this Court should take up. I'll reserve my time. Thanks. You're from the government. May it please the Court. Olga Zverevich for the United States. The judgment below should be affirmed. New York assault with a deadly weapon or a dangerous instrument is a crime of violence under both the force clause and the enumerated offenses clause of section 4b. 1.2. First, with respect to the force clause, this Court has effectively already decided this issue in its recent opinion in Singh v. Barr. In Singh, the Court squarely held that New York assault with a dangerous instrument or a deadly weapon, the same statute that's at issue in this case, was a crime of violence under the force clause in section 16a, an analogous provision. And importantly, in doing so, the Court rejected both of the arguments that Rodriguez is advancing on appeal in this case. First, the Court in Singh held that the New York statute met Johnson's requirement of violent force, and in particular, the Court explained that the requirement that the assault be committed by means of a deadly weapon or a dangerous instrument made it, quote, unquote, obvious that the violent force element was satisfied. And the Court in Singh looked at this statute, looked at the cases interpreting that statute, and said that it was insufficient to make a definitive argument on the omission point, which is really the only open distinction, because there wasn't no – I mean, Singh was not definitive on that question. Your Honor, the government, respectively, submits that Singh was definitive on that question. The Court in Singh looked at this statute, looked at the cases interpreting that statute, and said that it was inconceivable to – to come up with a plausible scenario in which this statute could be applied in a pure omission context. And I would note that we have no – And there are no cases, you would add, that could support that argument, right? That's correct, Your Honor. Right. So he's making some other points here, that omission is captured within the penal code of New York, elsewhere, and also that it's possible to consider the loaded gun and the hot frying pan scenarios. They're not so far-fetched that it's purely speculative or – I mean, it's not an omission possibility. Your Honor, the government would submit that those examples are just pure examples of legal imagination at work, and this case is very different from Hilton. Hilton involves a statute that, on its face, criminalized a smaller quantity of drugs, less than an ounce, than was required for federal felony liability. That's an entirely different situation from this statute, which, on its face, if you look at it, requires intentional causation of physical injury by means of a deadly weapon or a dangerous instrument. Section 15.10, which Rodriguez cites, does say that the minimal requirements for criminal liability under the New York Penal Code include certain types of omissions. But that's a generic provision applying all across the New York Penal Code. The question still remains as to a particular statute, whether it's possible to violate that statute through an omission. And it's clear that there are examples of statutes, including this one, where it's not. For example, it seems to me that it would be nearly impossible to think of how a robbery could be committed through an omission. And in fact, Mr. Rodriguez himself, in his reply brief, cites an example of a New York statute that also cannot, it appears, be reasonably committed through an omission. He cites New York Penal Law, Section 120.021, which is reckless assault of a child. And so we would submit that seeing as this positive of this question, that there is simply no reasonable probability in this case that the New York statute would be up to this New York statute. And finally, although Singh resolves this appeal in the government's view, I would know that even if there was such a realistic probability that the New York statute covered omissions, the statute still would qualify as a crime of violence under Castleman and this Court's subsequent decisions interpreting and applying Castleman. And because those precedents make it clear that the inquiry under this clause is that intentional causation of physical injury necessarily involves the use of physical force. And it doesn't matter how that physical injury is inflicted. Those precedents make clear that use of force simply means availing yourself of force in order to intentionally cause somebody physical injury. Your position is that can be done by omission? That that's you could still avail yourself of force by omission and, therefore, it would be covered? Correct, Your Honor. Our position is there is no reasonable probability that the New York statute covers omissions, but if it did, if it did, that would still qualify as a use of force. Your 28J letter mentions United States v. TAB, which was argued 10 days or so ago, two weeks ago. And that case involves the exact same statute? 120.052? Yes, Your Honor. It's the same statute. Is it like this case? Is it different from this case? What do you know? Your Honor, the main distinction between the issue in TAB and this case is that that case involves an attempted commission of a violation of the statute, whereas this is a substantive violation. But otherwise, it's the same statute. And just to take, I would just note that just to take a step back, Mr. Rodriguez's position, if adopted, would really create a sort of absurd result, because it would mean, essentially, that all crimes under the New York Penal Code, including crimes like first-degree murder, robbery, which this Court has already held is a crime of violence, all of those crimes suddenly would cease to qualify as crimes of violence based on this theoretical possibility that they could be committed by omission. And that simply is not the law. And finally, with respect to the enumerated offense clause, this statute separately qualifies as generic aggravated assault, and therefore qualifies as a crime of violence under the enumerated offenses clause. Rodriguez's response to that is once again to raise the same omissions argument, and for the same reason that that omissions argument doesn't hold water in the forced clause context, so it doesn't here, just because there is no reasonable probability that the New York statute could be violated through pure omission. And in addition to that, again, even if New York law did accommodate omission liability in this particular statute, that would be consistent with the generic definition of aggravated assault. Unless the Court has any further questions, we will address. What about the judgment? So there was a drug testing, mandatory drug testing was, at least orally, suspended, and yet in the judgment it wasn't suspended, right? Yes, that's correct, Your Honor. So what are we to do with that? The government, under this Court's precedent, the appropriate thing to do is to remand to have the judgment corrected, yes. Okay. Thank you. We'll hear the rebuttal. Thank you. Hilton states more than once that the realistic probability test is satisfied if statutory over-breath, rather than the application of legal imagination to the statute's text, create the possibility of liability premised on non-qualifying conduct. And that's what Section 15.10 does. It states that the minimum requirement for criminal liability is the omission to perform an act which a person is physically capable of performing. I agree with the government that not all New York offenses can be committed by omission. Indeed, there are a number of offenses, such as robbery, which involves the taking of a property, or the assault provision to which the government referred that requires an affirmative act with respect to a child. And so for that reason, the government's concern that Rodriguez's argument, if accepted, would invalidate a number of New York offenses as guidelines, crimes of violence, is not well taken. There are a number of offenses whose statutory text excludes the possibility that they could be accomplished by omission. But we know from the text of 120.052 that the injury need only be inflicted by means of the dangerous instrument or deadly weapon. We know from the decision of the New York Court of Appeals in Muhammad that possession of the weapon is not an element of the offense. That is the holding of Muhammad. And we know that the New York Court of Appeals has recognized omission liability for more serious offenses. In particular, Steinberg, which recognized omission liability for a manslaughter offense that was more serious in both intent and result, intent to cause serious physical injury causing death. But this might be persuasive if you were arguing a motion to reconsider Singh, but Singh has already addressed this very statute, right? I understand the Court's point. As the Court knows, Singh was decided only a couple of months ago, six weeks ago. All I can say is that it's open to this Court to get the issue right. Singh was prepared to recognize the possibility that omission liability would take this assault offense outside the scope of the elements clause. Indeed, that's why Singh ordered sua sponte, supplemental briefing on the topic. Singh got part of the answer from the parties. It got the concession that there was no case imposing liability based on a culpable omission. But with respect, Singh didn't get Rodriguez's argument premised on Hilton that the identification of a case is unnecessary in light of the plain statutory text. And what I'm suggesting is that this Court should complete the inquiry that Singh commenced. Thank you. Thank you. Will reserve decision.